UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

**P1**, as Parent and Natural
Guardian of **S1**, an infant,

                Plaintiff,        **AMENDED COMPLAINT**
                                      **CV NO.: 21-CV-6440-EAW**

   vs.

**HILTON CENTRAL SCHOOL DISTRICT,**
**KIRK ASHTON**, as Principal of
Northwood Elementary School, and
**DR. CASEY KOSIOREK**, as Superintendent
of **HILTON CENTRAL SCHOOL DISTRICT**.,
in their individual and official capacities,

                Defendants.
_____

     Plaintiff, P1, as Parent and Natural Guardian of S1, by his attorneys, Jeffrey Wicks, PLLC, for his Complaint against Defendants, alleges as follows:

## PARTIES

    1.     Plaintiff P1 is and was at all times relevant to this Complaint, a resident of the Town of Greece, County of Monroe, State of New York, and is the parent and natural guardian of S1, who is eleven (11) years of age.

    2.     This Complaint is being filed with this court under the pseudonyms P1 and S1, pursuant to New York Civil Rights Law § 50-b, as S1 is victim of sexual abuse and P1 is S1's parent and natural guardian, and . identifying P1 by name will necessarily reveal S1's's true identity. Hence, the Plaintiff will be referred to as P1 and P1's infant child will be referred to as S1.

    3.     S1 is an infant, under the age of 18, and at all times relevant to

this complaint, resided in the Town of Greece, County of Monroe, State of New York, and was and is a student at one of the schools of Defendant, HILTON CENTRAL SCHOOL DISTRICT (hereinafter "HCSD")

4. Upon information and belief, at all times herein alleged, S1 was a student at the Northwood Elementary School ("the School"), located at 433 North Greece Road, Hilton, New York,

5. HCSD was and is a school district duly organized and existing under the laws of the State of New York, with offices located at 225 West Avenue, Hilton, New York, 14468.

6. Upon information and belief, Defendant HCSD, at all times relevant to this complaint, employed Defendants KIRK ASHTON ("ASHTON") and DR. CASEY KOSIOREK ("KOSIOREK").

7. Upon information and belief, individual Defendant ASHTON, was at all times relevant to this complaint, employed as the Principal of the School, from 2004 until on or about April 8, 2021, when he was placed on administrative leave, and as such, he was acting in his official capacity and, in his actions described herein, was acting under color of law and under color of his authority as an employee of Defendant HCSD; he is being sued in his individual and official capacities.  Upon further information and belief, he presently is located at the Niagara County Jail in Lockport, New York as an inmate.

8. Upon information and belief, individual Defendant KOSIOREK was at all times relevant to this complaint, since January 1, 2016, was and is employed as the Superintendent of the HCSD, and as such, he was acting in his

official capacity and, in his actions described herein, was acting under color of law and under color of his authority as an employee of Defendant HCSD; he is being sued in his individual and official capacities.

9. Defendant KOSIOREK, as Superintendent of Defendant, HCSD, was charged with the supervision of Defendant, ASHTON, the principal of Northwood Elementary School.

10. Defendant HCSD was charged with the supervision of Defendant, ASHTON, the principal of Northwood Elementary School, and KOSIOREK, as Superintendent of HCSD.

## JURISDICTIONAL STATEMENT

11. This action is brought forth pursuant to 42 U.S.C. §§1983 and 1988 and the Fifth and Fourteenth Amendments to the United States Constitution as a result of Defendants' violation of the constitutional civil rights of Plaintiff's minor child.  Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343 and the aforementioned statutory and constitutional provisions.

12. Plaintiff further invokes the supplemental jurisdiction of this Court pursuant to 28 U.S.C. §§ 1367(a) to hear and decide claims arising under state law.

13. This Complaint also is brought pursuant to the New York Child Victims Act, and hence, a Notice of Claim is not required.

14. Despite the fact that a Notice of Claim is not required under the New York Child Victims Act, a written Notice of Claim, sworn to by Plaintiff, was duly served upon Defendants on or about May 7, 2021, pursuant to New

York Education Law §3813 and New York General Municipal Law §50-e.

15. Accordingly, any allegations or causes of action set forth herein which were not mentioned in the Notice of Claim remain viable under the New York Child Victims Act.

16. Defendants have refused to make any adjustment or payment; pursuant to New York General Municipal Law §50-i. At least 30 days have elapsed since the Notice of Claim was presented to said Defendants for adjustment, and Defendants have neglected and refused to make any adjustment or payment.

17. All causes of action herein have been commenced within the limitation period as set forth in N.Y. C.P.L.R. §§ 208, 214 and 214-g.

## FACTS

18. While in the role of Superintendent, Defendant KOSIOREK was under the direct supervision, employ, and/or control of Defendant HCSD.

19. Defendant ASHTON was under the direct supervision, employ, and/or control of Defendant HCSD and Defendant KOSIOREK.

20. From the time that S1 was in 2nd grade, in the Fall of 2017, and throughout 3rd, 4th, and 5th grades, until late February of 2021, S1 was sexually abused by ASHTON.

21. At all times relevant to this complaint, ASHTON engaged in a ongoing pattern of sexually abusing young boys who were students at the School. The sexual assaults would occur on a nearly daily basis inside the School.

22. At all times relevant to this complaint, upon information and belief, teachers, students, and staff at the School, knew that Defendant, ASHTON, would take male students to his office and remain in the office with the male students alone with the door shut.

23. At all times relevant to this complaint, upon information and belief, Defendants HCSD and KOSIOREK, knew, or should have known, that defendant, ASHTON, would take male students to his office and remain in the office with the male students alone with the door shut.

24. ASHTON, for a period of almost four (4) years, subjected S1 to a pattern of sexual abuse, as set forth below.

**A.    2nd GRADE**

25. Beginning in or around 2017, S1 was called several times to the front of the class by his then-2nd grade teacher, Tricia Clasgens, who instructed him to go to the Principal's (ASHTON's) office, where he was to eat lunch and work. This happened during S1's 2nd grade school year, which was 2017-2018.

26. On each occasion that S1 went to ASHTON's office during 2nd grade, ASHTON would ask for a hug, and then direct S1 to sit on ASHTON's lap. On occasion, S1 would eat his lunch while sitting on ASHTON's lap.

27. During each of these occasions, ASHTON would touch S1 in an area close to his genital area, as well as rubbing and caressing S1's legs, buttocks, waistline, thighs and shoulders.

28. This course of conduct, i.e., the teacher calling S1 to the front of the class and being told to go down to ASHTON's office where he was to work

and have lunch, and being subjected to unwanted physical and sexual contact by ASHTON, would happen at least five (5) times during the 2017-2018 2nd grade school year.

### A.  3rd GRADE

29. Similarly, during 2018-2019, which was S1's 3rd grade year, S1 was called several times to the front of the class by his then-3rd grade teacher, Laura Lennartz, who instructed him to go to the Principal's (ASHTON's) office, where he was to eat lunch and work.

30. On each occasion that S1 went to ASHTON's office during 3rd grade, ASHTON would ask for a hug, and then direct S1 to sit on ASHTON's lap. On occasion, S1 would eat his lunch while sitting on ASHTON's lap.

31. During each of these occasions, ASHTON would touch S1 in an area close to his genital area, as well as rubbing and caressing S1's legs, buttocks, waistline, thighs and shoulders.

32. This course of conduct, i.e., the teacher calling S1 to the front of the class and being told to go down to ASHTON's office where he was to work and have lunch, and being subjected to unwanted physical and sexual contact by ASHTON, would happen at least five (5) times during the 2018-2019 3rd grade school year.

### B.  4th GRADE

33. Similarly, during 2019-2020, which was S1's 4th grade year, S1 was called several times to the front of the class by his then-4th grade teacher, Lauren Steinebach, who instructed him to go to the Principal's (ASHTON's)

office, where he was to eat lunch and work.

34. On each occasion that S1 went to ASHTON's office during 4th grade, ASHTON would ask for a hug, and then direct S1 to sit on ASHTON's lap. On occasion, S1 would eat his lunch while sitting on ASHTON's lap.

35. During each of these occasions, ASHTON would touch S1 in an area close to his genital area, as well as rubbing and caressing S1's legs, buttocks, waistline, thighs and shoulders.

36. This course of conduct, i.e., the teacher calling S1 to the front of the class and being told to go down to ASHTON's office where he was to work and have lunch, and being subjected to unwanted physical and sexual contact by ASHTON, would happen at least five (5) times during the 2019-2020 4th grade school year.

**D.        5th GRADE**

37. Similarly, during 2020-2021, which was S1's 5th grade year, S1 was called several times to the front of the class by his then-5th grade teacher, Erin Cavallaro, who instructed him to go to the Principal's (ASHTON's) office, where he was to eat lunch and work.

38. On each occasion that S1 went to ASHTON's office during 5th grade, ASHTON would ask for a hug, and then direct S1 to sit on ASHTON's lap. On occasion, S1 would eat his lunch while sitting on ASHTON's lap.

39. During each of these occasions, ASHTON would touch S1 in an area close to his genital area, as well as rubbing and caressing S1's legs, buttocks, waistline, thighs and shoulders.

7

40. This course of conduct, i.e., the teacher calling S1 to the front of the class and being told to go down to ASHTON's office where he was to work and have lunch, and being subjected to unwanted physical and sexual contact by ASHTON, would happen at least five (5) times during the 2020-2021 5th grade school year.

41. The last of these occasions, i.e., the teacher calling S1 to the front of the class and being told to go down to ASHTON's office where he was to work and have lunch, and being subjected to unwanted physical and sexual contact by ASHTON, took place in or around late February of 2021.

42. As set forth above, on or about April 8, 2021, ASHTON was placed on administrative leave.

43. Later, on or about April 14, 2021, ASHTON was arrested and charged in the Greece Town Court with multiple felony counts regarding his sexual abuse of many boys while he was Principal of the School.

44. Subsequently, ASHTON was indicted by a Monroe County Grand Jury on six counts of first-degree sexual abuse and five counts of second-degree course of sexual conduct, both felonies, and nine counts of endangering the welfare of a child, a misdemeanor.

45. ASHTON has assaulted S1 and subjected him to a course of conduct spanning a period of four (4) years, as set forth above.

46. Defendants HCSD and KOSIOREK have negligently failed in their duty of training, supervision, hiring and retention with respect to ASHTON for the purpose of preventing the type of conduct engaged in by ASHTON.

### AND AS FOR A FIRST CAUSE OF ACTION
### AGAINST ALL DEFENDANTS FOR
### <u>NEGLIGENCE</u>

47. Plaintiff repeats and realleges the foregoing paragraphs as if set forth fully herein.

48. Defendants owed S1, a duty of reasonable care to protect plaintiff from injury.

49. Defendants knew or should have known of ASHTON's, propensity to sexually abuse children.

50. Defendants breached their duties to S1, by failing to use reasonable care. Defendants' failures include, but are not limited to, failing to properly supervise ASHTON, failing to properly supervise S1, and failing to protect S1 from a known danger posed by ASHTON's sexual abuse of children.

**51.** As a direct and proximate result of the foregoing, S1 has seen his grades suffer, and has suffered emotional trauma, embarrassment, humiliation, extreme emotional stress, trauma, nervousness, anxiety, humiliation, medical expenses, attorney's fees and mental anguish, and has sustained physical, emotional, and psychological injuries, along with pain and suffering.

52. By reason of the foregoing, Plaintiff's minor son has been damaged in the sum of Ten Million Dollars ($10,000,000.00).

### AS AND FOR A SECOND CAUSE OF ACTION
### AGAINST ALL DEFENDANTS FOR
### <u>INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS</u>

53. Plaintiff repeats and realleges the foregoing paragraphs as if set forth fully herein.

54. Defendant ASHTON, in his capacity as an employee of Defendant HCSD and Principal of the School, exhibited extreme and outrageous conduct towards S1 which was intended to cause or was done with a disregard for the substantial probability of causing severe emotional distress.

55. As a direct and proximate result of Defendant's extreme and outrageous conduct all in violation of constitutional and civil rights of S1, S1 has seen his grades suffer, and has suffered emotional trauma, embarrassment, humiliation, extreme emotional stress, trauma, nervousness, anxiety, humiliation, medical expenses, attorney's fees and mental anguish, and has sustained physical, emotional, and psychological injuries, along with pain and suffering.

56. The foregoing conduct of Defendants was done intentionally, or with gross indifference to S1's rights, and was the proximate cause of S1's resulting emotional distress.

57. By reason of the foregoing, S1 has been damaged in the sum of Ten Million Dollars ($10,000,000.00).

### AND AS FOR A THIRD CAUSE OF ACTION AGAINST ALL DEFENDANTS FOR NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

58. Plaintiff repeats and realleges the foregoing paragraphs as if set forth fully herein.

59. Defendants owed a duty to S1 to maintain order and discipline within the School so that students may study without fear for their physical safety and emotional well-being and without being submitted to unwanted sexual abuse.

60. Defendants HCSD and KOSIOREK breached said duty by

failing to adequately train Defendant ASHTON regarding appropriate employee behavior and failing to reprimand and control Defendant ASHTON when he engaged in inappropriate behavior that included but was not limited to unwanted sexual abuse and/or sexual molestation of S1

61. The result of this breach of duty was that Defendants HCSD and KOSIOREK not only caused P1 to fear for his son's well-being with regard to protecting him from underage sexual abuse by an adult but also subjected a young adolescent to unwanted sexual abuse.

62. As a result of Defendants' breach of duty, Plaintiff P1, and S1, sustained injuries, including, but not limited to, continuing emotional trauma and distress.

63. As a direct and proximate result of the foregoing, S1 has seen his grades suffer, and has suffered emotional trauma, embarrassment, humiliation, extreme emotional stress, trauma, nervousness, anxiety, humiliation, medical expenses, attorney's fees and mental anguish, and has sustained physical, emotional, and psychological injuries, along with pain and suffering.

64. By reason of the foregoing, S1 and P1 have been damaged in the sum of Ten Million Dollars ($10,000,000.00).

## AND AS FOR A FOURTH CAUSE OF ACTION AGAINST DEFENDANT ASHTON FOR ASSAULT

65. Plaintiff repeats and realleges the foregoing paragraphs as if set forth fully herein.

66. Defendant ASHTON intentionally placed S1 in apprehension of imminent harmful or offensive conduct, over a period of time from approximately

11

2017 to 2021, as set forth above.

67. Defendant ASHTON by his words and conduct, caused S1 to believe that harmful or offensive conduct was about to occur on numerous occasions between 2017 and 2017, as set forth above.

68. Defendant ASHTON through sexual abuse of S1, placed S1 in apprehension of harmful or offensive conduct.

69. Defendant ASHTON's conduct was intentional and/or knowing that there was substantial certainty that harm would occur to S1

70. As a direct and proximate result of the foregoing, S1 has seen his grades suffer, and has suffered emotional trauma, embarrassment, humiliation, extreme emotional stress, trauma, nervousness, anxiety, humiliation, medical expenses, attorney's fees and mental anguish, and has sustained physical, emotional, and psychological injuries, along with pain and suffering.

71. By reason of the foregoing, S1 has been damaged in the sum of Ten Million Dollars ($10,000,000.00).

**AND AS FOR A FIFTH CAUSE OF ACTION
AGAINST DEFENDANT ASHTON FOR BATTERY**

72. Plaintiff repeats and realleges the foregoing paragraphs as if set forth fully herein.

73. Defendant ASHTON intentionally touched S1 without his consent and while he was incapable of consent, over a period of time between 2017 and 2021, as set forth above.

74. Defendant Ashton submitted S1 to battery by impermissibly subjecting him to a pattern of sexual abuse between 2017 and 2021, as set forth

above.

75. Defendant ASHTON's conduct was intentional and/or undertaken knowing that there was substantial certainty that harm would occur to S1

76. As a direct and proximate result of the foregoing, S1 has seen his grades suffer, and has suffered emotional trauma, embarrassment, humiliation, extreme emotional stress, trauma, nervousness, anxiety, humiliation, medical expenses, attorney's fees and mental anguish, and has sustained physical, emotional, and psychological injuries, along with pain and suffering.

77. By reason of the foregoing, Plaintiff's minor son has been damaged in the sum of Ten Million Dollars ($10,000,000.00).

### AND AS FOR A SIXTH CAUSE OF ACTION AGAINST ALL DEFENDANTS FOR NEGLIGENT FAILURE OF TRAINING, SUPERVISION, HIRING AND RETENTION

78. Plaintiff repeats and realleges the foregoing paragraphs as if set forth fully herein.

79. Defendants HCSD and KOSIOREK failed to adequately train and supervise its employees, including Defendant ASHTON, with regard to appropriate staff-student relations.

80. Plaintiffs assert that Defendant HCSD knew, or should have known, of the inappropriate tendencies and inadequacies of Defendant ASHTON, with regard to unwanted sexual abuse and/or sexual molestation of young boys by conducting a proper investigation into ASHTON before they hired him.

81. Prior to being hired by HCSD, Defendant ASHTON was an employee of the Rush-Henrietta Central School District.

82. Prior to hiring Defendant ASHTON, Defendant HCSD, knew or should have known through the exercise of due care, that Defendant ASHTON had a propensity to sexually abuse children.

83. Additionally, had HCSD properly done its due diligence, it would have learned that Ashton has had convictions for Driving While Intoxicated ("DWI"): a misdemeanor in 1998, before he was hired by HCSD, and then a felony DWI in 2007, after he became Principal of the School.

84. Defendants HCSD and KOSIOREK failed to adequately supervise Defendant ASHTON during his employment and negligently placed Defendant ASHTON in such a sensitive position of employment, without adequate or proper training, supervision or control.

85. Defendant HCSD tolerated and permitted a pattern of illegal and unconstitutional and unwanted sexual abuse and/or sexual molestation of young boys and violations of the civil rights of students, and have failed to maintain a proper system for reviewing such conduct by their employees, with the result that Defendant ASHTON was encouraged to believe that he could violate the rights of persons such as S1 with impunity.

86. The aforementioned acts of Defendant ASHTON, an employee of Defendant HCSD, directly and proximately resulted from the failure of the Defendant HCSD and KOSIOREK and to properly train, hire, retain and supervise its personnel.

87. The aforementioned acts of Defendant ASHTON, an employee of Defendant HCSD and under the supervision of KOSIOREK, directly and proximately resulted from the failure of the Defendant KOSIOREK and to properly train, retain and supervise his personnel.

88. Such failure to adequately train, hire supervise and retain its employees was the cause of the Defendant ASHTON wrongfully engaging in an inappropriate relationship with S1, thereby causing the injuries and damages that are the subject of this Complaint.

89. As a result of such negligent failure to train, hire supervise and retain, and as a direct and proximate result of the foregoing, S1 has seen his grades suffer, and has suffered emotional trauma, embarrassment, humiliation, extreme emotional stress, trauma, nervousness, anxiety, humiliation, medical expenses, attorney's fees and mental anguish, and has sustained physical, emotional, and psychological injuries, along with pain and suffering.

90. By reason of the foregoing, S1 has been damaged in the sum of Ten Million Dollars ($10,000,000.00).

## AND AS FOR A SEVENTH CAUSE OF ACTION AGAINST ALL DEFENDANTS UNDER 42 U.S.C. §1983 FOR VIOLATIONS OF CIVIL RIGHTS

91. Plaintiff repeats and realleges the foregoing paragraphs as if set forth fully herein.

92. The specified acts, including but not limited to the negligence, assault, battery, negligent and intentional infliction of emotional distress, and negligent failure to train, hire supervise and retain, and violation under color of

law are each exclusively and without regard to the other a separate and distinct violation of S1's rights as enumerated above.

93. S1 has a substantive Due Process right under the Fifth and Fourteenth Amendments to the United States Constitution to be free from intentional invasion of bodily security and personal privacy.

94. There was an intentional invasion of bodily security and personal privacy by Defendant ASHTON.

95. There was, on the part of all Defendants, gross negligence and/or deliberate indifference to the intentional invasion of bodily security and personal privacy of S1, in further violation of S1's substantive Due Process rights under the Fifth and Fourteenth Amendments to the Constitution.

96. This custom or policy of Defendants HCSD and KOSIOREK, as set forth above, caused S1 to be subjected to a denial of his constitutional rights in direct violation of the provisions of 42 U.S.C. § 1983.

97. S1's civil rights, as guaranteed under the Constitution, statutes, common law, and case law of the United States and of New York State were willfully violated by all the above misconduct.

98. Acting under the color of law, Defendants deprived S1 of his rights, privileges and/or immunities pursuant to the Fourteenth Amendment to The United States Constitution, 41 U.S.C. Section 1983, as well as Article I, Sections 6 and 11 of the New York Constitution by denying his constitutional rights to equal protection under the laws of the United States.

99. As a direct and proximate result of all Defendants' willful,

extreme and outrageous misconduct, all in violation of S1's constitutional and civil rights, S1 has seen his grades suffer, and has suffered emotional trauma, embarrassment, humiliation, extreme emotional stress, trauma, nervousness, anxiety, humiliation, medical expenses, attorney's fees and mental anguish, and has sustained physical, emotional, and psychological injuries, along with pain and suffering.

100. By reason of the foregoing, S1 has been damaged in the sum of Ten Million Dollars ($10,000,000.00).

WHEREFORE, Plaintiff P1, as parent and natural guardian of S1, demands judgment against the Defendants as follows:

    A. On the First Cause of Action, in favor of Plaintiffs in the amount of Ten Million Dollars ($10,000,000.00);

    B. On the Second Cause of Action, in favor of Plaintiffs in the amount of Ten Million Dollars ($10,000,000.00);

    C. On the Third Cause of Action, in favor of Plaintiffs in the amount of Ten Million Dollars ($10,000,000.00);

    D. On the Fourth Cause of Action, in favor of Plaintiffs in the amount of Ten Million Dollars ($10,000,000.00);

    E. On the Fourth Cause of Action, in favor of Plaintiffs in the amount of Ten Million Dollars ($10,000,000.00);

    F. On the Fifth Cause of Action, in favor of Plaintiffs in the amount of Ten Million Dollars ($10,000,000.00);

    G. On the Sixth Cause of Action, in favor of Plaintiffs in the

amount of Ten Million Dollars ($10,000,000.00);

  H. On the Seventh Cause of Action, in favor of Plaintiffs in the amount of Ten Million Dollars ($10,000,000.00);

  I. That punitive damages be awarded to Plaintiffs against Defendant HCSD in the amount of Ten Million Dollars ($10,000,000.00);

  J. That reasonable attorneys' fees be awarded to Plaintiff pursuant to the Civil Rights Attorneys Fees Act of 1976, and 42 U.S.C. Section 1988;

  K. That Plaintiff be awarded the costs and disbursements of this action; and

  L. For such other and further relief as to this Court may seem just and proper.

**PLEASE NOTE:  PLAINTIFF HEREBY DEMANDS TRIAL BY JURY**

Dated:  June 15, 2021

        s/ *Jeffrey Wicks*_____
        JEFFREY WICKS, PLLC
        Jeffrey Wicks, Esq., of Counsel
        36 West Main Street
        Suite 318, Executive Building
        Rochester, New York 14614
        Tel.: (585) 325-6070
        Fax: (585) 325-6082
        jwicks@wickslaw.net