UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

P1 as Parent and Natural Guardian of
S1, an Infant,

      Plaintiff,        **ANSWER TO FOURTH**
                 **AMENDED COMPLAINT**
v.

HILTON CENTRAL SCHOOL DISTRICT,
KIRK ASHTON as Principal of Northwood  **CV NO. 21-CV-6440-EAW**
Elementary School, and DR. CASEY KOSIOREK,
as Superintendent of HILTON CENTRAIL SCHOOL
DISTRICT, in their individual and official capacities,

      Defendants.
_____

    The defendant, CASEY KOSIOREK, hereinafter referred to as "this defendant", by his attorneys, HURWITZ & FINE, P.C., as and for an answer to the Complaint of the plaintiffs, P1 as Parent and Natural Guardian of S1, an Infant, an Infant herein states the following:

    1. Denies having knowledge and information sufficient to form a belief as to the allegations contained in paragraphs "1", "3", "4" and "6".

    2. Unable to set forth an answer with respect to paragraphs "2" and "7", as they call for or contain a legal conclusion.  However, insofar as this defendant is required to answer, this defendant denies having knowledge and information sufficient to form a belief as to the allegations contained in paragraphs "2" and "7".

    3. Admits the allegations contained in paragraph "5".

4. Unable to set forth an answer with respect to paragraphs "8", "9" and "10", as they call for or contain a legal conclusion. However, insofar as this defendant is required to answer, this defendant denies the allegations contained in paragraphs "8", "9" and "10".

## JURISDICTIONAL STATEMENT

5. Unable to set forth an answer with respect to paragraphs "11", "12", "13", "14", "15", "16" and "17" as they call for or contain a legal conclusion. However, insofar as this defendant is required to answer, this defendant denies the allegations contained in paragraphs "11", "12", "13", "14", "15", "16" and "17".

## FACTS

6. Unable to set forth an answer with respect to paragraphs "18", "28", "32", "36", "43", "44", and "45" as they call for or contain a legal conclusion. However, insofar as this defendant is required to answer, this defendant denies having knowledge and information sufficient to form a belief as to the allegations contained in paragraphs "18", "28", "32", "36", "43", "44" and "45".

7. Unable to set forth an answer with respect to paragraphs "19" and "46", as they call for or contain a legal conclusion. However, insofar as this defendant is required to answer, this defendant denies the allegations contained in paragraphs "19" and "46".

8. Denies having knowledge and information sufficient to form a belief as to the allegations contained in paragraphs "20", "21", "22", "24", "25", "26", "27", "29", "30", "31", "33", "34", "35", "37", "38", "39", "40", "41", and "42".

9. Denies the allegations contained in paragraphs "23".

## AS AND FOR AN ANSWER
## TO THE FIRST CAUSE OF ACTION FOR NEGLIGENCE:

10. As and for an answer to paragraph "47", this defendant repeats and realleges its answers to paragraphs "1" through "46" with the same force and effect as if fully set forth herein.

11. Unable to set forth an answer with respect to paragraphs "48", "49", "50", "51" and "52", as they call for or contain a legal conclusion. However, insofar as this defendant is required to answer, this defendant denies the allegations contained in paragraphs "48", "49", "50", "51" and "52".

## AS AND FOR AN ANSWER TO THE SECOND CAUSE OF ACTION
## AGAINST ASHTON FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS:

12. As and for an answer to paragraph "53", this defendant repeats and realleges its answers to paragraphs "1" through "52" with the same force and effect as if fully set forth herein.

13. Unable to set forth an answer with respect to paragraphs "54", "55", "56" and "57", as they call for or contain a legal conclusion. However, insofar as this defendant is required to answer, this defendant denies having knowledge and information sufficient to form a belief as to the allegations contained in paragraphs "54", "55", "56" and "57".

## AS AND FOR AN ANSWER TO THE THIRD CAUSE OF ACTION
## AGAINST ASHTON FOR ASSAULT:

14. As and for an answer to paragraph "58", this defendant repeats and realleges its answers to paragraphs "1" through "57" with the same force and effect as if fully set forth herein.

15. Unable to set forth an answer with respect to paragraphs "59", "60", "61", "62", "63" and "64", as they call for or contain a legal conclusion. However, insofar as this defendant is required to answer, this defendant denies having knowledge and information sufficient to form a belief as to the allegations contained in paragraphs paragraphs "58", "59", "60", "61", "62", "63" and "64".

**AS AND FOR AN ANSWER TO THE FOURTH CAUSE OF
ACTION AGAINST ASHTON FOR BATTERY:**

16. As and for an answer to paragraph "65", this defendant repeats and realleges its answers to paragraphs "1" through "64" with the same force and effect as if fully set forth herein.

17. Unable to set forth an answer with respect to paragraphs "66" "67", "68", "69" and "70", as they call for or contain a legal conclusion. However, insofar as this defendant is required to answer, this defendant denies having knowledge and information sufficient to form a belief as to the allegations contained in paragraphs "65", "66" "67", "68", "69" and "70".

**AS AND FOR AN ANSWER TO THE FIFTH CAUSE OF ACTION
AGAINST ALL DEFENDANTS FOR NEGLIGENT FAILURE OF
TRAINING, SUPERVISION, HIRING AND RETENTION:**

18. As and for an answer to paragraph "71", this defendant repeats and realleges its answers to paragraphs "1" through "70" with the same force and effect as if fully set forth herein.

19. Unable to set forth an answer with respect to paragraphs "72", "77", "79", "80", "81", "82" and "83", as they call for or contain a legal conclusion. However, insofar as this defendant is required to answer, this defendant denies the allegations contained in paragraphs "72", "77", "79", "80", "81", "82" and "83".

20. Unable to set forth an answer with respect to paragraphs "73", "74", "75", "76" and "78", as they call for or contain a legal conclusion. However, insofar as this defendant is required to answer, this defendant denies having knowledge and information sufficient to form a belief as to the allegations contained in paragraphs "73", "74", "75", "76" and "78".

**AS AND FOR AN ANSWER TO THE SIXTH CAUSE OF ACTION
AGAINST ALL DEFENDANTS UNDER 42 U.S.C. §1983 FOR
VIOLATIONS OF CIVIL RIGHTS:**

21. As and for an answer to paragraph "84", this defendant repeats and realleges its answers to paragraphs "1" through "83" with the same force and effect as if fully set forth herein.

22. Unable to set forth an answer with respect to paragraphs "85", "86", "88", "89", "90", "91", "92" and "93", as they call for or contain a legal conclusion. However, insofar as this defendant is required to answer, this defendant denies the allegations contained in paragraphs "85", "86", "88", "89", "90", "91", "92" and "93".

23. Unable to set forth an answer with respect to paragraph "87", as it calls for a legal conclusion. However, insofar as this defendant is required to answer, this defendant denies having knowledge and information sufficient to form a belief as to the allegations contained this paragraph "87".

24. This defendant is unable to respond to the plaintiff's "A", "B", "C", "D", "E", "F", "G", "H", "I", "J" and "K" because they do not contain allegations to which a response is required.

**AS AND FOR A FIRST, SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE, THIS DEFENDANT ALLEGES, UPON INFORMATION AND BELIEF:**

25. Plaintiff's Complaint fails to state a cause of action and/or fails to state a claim.

**AS AND FOR A SECOND, SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE, THIS DEFENDANT ALLEGES, UPON INFORMATION AND BELIEF:**

26. Plaintiff's Complaint is barred by the applicable statute(s) of limitation.

**AS AND FOR A THIRD, SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE, THIS DEFENDANT ALLEGES, UPON INFORMATION AND BELIEF:**

27. In the event a verdict or decision is rendered in favor of Plaintiff against this Answering Defendant, this Answering Defendant is entitled to limitations on liability as set forth in Article 16 of the CPLR.

**AS AND FOR A FOURTH, SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE, HIS DEFENDANT ALLEGES, UPON INFORMATION AND BELIEF:**

28. Upon information and belief, Plaintiff failed to mitigate his/her injuries, disabilities, and damages as alleged in the Complaint and all injuries, damages and disabilities were increased, aggravated and/or exacerbated by the failure to mitigate.

**AS AND FOR A FIFTH, SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE, THIS DEFENDANT ALLEGES, UPON INFORMATION AND BELIEF:**

29. Plaintiff has failed to mitigate his/her damages.

**AS AND FOR A SIXTH, SEPARATE AND COMPLET AFFIRMATIVE DEFENSE, THIS DEFENDANT ALLEGES, UPON INFORMATION AND BELIEF:**

30. Plaintiff's claims are barred by the doctrine laches; the unreasonable delay in filing the present action is prejudicial to this Answering Defendant.

**AS AND FOR A SEVENTH, SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE, THIS DEFENDANT ALLEGES, UPON INFORMATION AND BELIEF:**

31. The Plaintiff's injuries, if any, were caused in whole or in part by a person or persons who were not within the control of this Answering Defendant.

**AS AND FOR AN EIGHTH, SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE, THIS DEFENDANT ALLEGES, UPON INFORMATION AND BELIEF:**

32. That in the event there has been a settlement between Plaintiff and any joint tortfeasor, this Answering Defendant hereby pleads and seeks the full benefit of §15-108 of the General Obligations Law, requiring that Plaintiff's claims against this Answering Defendant be reduced to the fullest extent permitted by §15-108 of the General Obligations Law.

**AS AND FOR A NINTH, SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE, THIS DEFENDANT ALLEGES, UPON INFORMATION AND BELIEF:**

33. To the extent Plaintiff requests monetary relief, Defendants are protected from liability and suit by Eleventh Amendment immunity and the doctrines of qualified and absolute immunity.

**AS AND FOR A CROSS-CLAIM AGAINST THE CODEFENDANT, KIRK ASHTON, THIS DEFENDANT ALLEGES, UPON INFORMATION AND BELIEF:**

34. If this defendant is found liable to the plaintiff, this defendant alleges that such liability was caused in whole or in part or contributed to by the culpable conduct and/or negligence of the codefendant, KIRK ASHTON, and, therefore, this defendant will be entitled to indemnification or contribution and judgment over and against said codefendant, KIRK ASHTON for the full amount of said liability or for such proportionate share as represents the amount, degree and kind of culpable conduct attributable to it.

WHEREFORE, the defendant, demands judgment as follows:

1. Dismissing the complaint herein, or

2. Determining the ultimate rights and responsibilities among the parties, including the culpable conduct of the plaintiffs and that of any tortfeasor jointly liable and further demands that if plaintiffs recover judgment against this answering defendant, the amount of damages be diminished in the proportion which the culpable conduct attributable to plaintiffs bears to the culpable conduct which caused the damage; and

3. Reducing plaintiff's recovery in the proportion to which the plaintiff's culpable conduct, assumption of risk and want of care bears to the culpable conduct which caused the plaintiff's damages, and

4.  Determining the ultimate rights and responsibilities among the defendants in this action and for the defendant to have judgment over and against the codefendant, KIRK ASHTON, including costs, disbursements, and interest, or for such proportionate share as represents the amount, degree, or kind of culpable conduct attributable to the other defendant, and

5.  Limiting plaintiff's recovery for non-economic loss against this defendant, to the percentage of responsibility attributed to this defendant, if that percentage is less than fifty-one (51%) percent, and

6.  Such other and further relief as to this court may seem just proper and equitable, together with the costs and disbursements of this action.

DATED:   Buffalo, New York
         December 3, 2021

                HURWITZ & FINE, P.C.

By: *Anastasia M. McCarthy*
Jody E. Briandi, Esq.
Anastasia M. McCarthy, Esq.
*Attorneys for Defendant Casey Kosiorek*
1300 Liberty Building
Buffalo, New York 14202
(716) 849-8900

TO:  Jeffrey Wicks, Esq.
     JEFFREY WICKS, PLLC
     36 W. Main Street, Suite 318
     Executive Building
     Rochester, New York 14614
     Phone: (585) 325-6070

CC:     Danit Leenor Sobivits, Esq.
        Emily R. Weisslitz, Esq.
        Gary John Intoccia, Esq.
        Meagan E. Dean, Esq.
        McGIVNEY KLUGER CLARK & INTOCCIA, P.C.
        *Attorneys for Hilton Center School District*
        100 Madison Street, Suite 1640
        Syracuse, New York 13202
        (315) 473-9648

        Kirk Ashton, *Pro Se*
        P.O. Box 22881
        Rochester, New York 14692