**UNITED STATES DISTRICT COURT**                                      4184-0056
**WESTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| P1 as Parent and Natural Guardian of S1, an infant,<br><br>                    Plaintiffs,<br><br>     -v.-<br><br> HILTON CENTRAL SCHOOL DISTRICT, KIRK ASHTON, as Principal of Northwood Elementary School, and DR. CASEY KOSIOREK, as Superintendent of HILTON CENTRAL SCHOOL DISTRICT, in their individual and official capacities,<br><br>                   Defendants. | **VERIFIED ANSWER TO FOURTH AMENDED COMPLAINT**<br><br>**Index No.:**<br>**6:21-CV-06440** |

Defendants HILTON CENTRAL SCHOOL DISTRICT (hereinafter referred to as "Answering Defendant" and/or "Hilton Central School District Defendant"), through their attorneys, McGivney, Kluger, Clark & Intoccia, P.C. by way of Verified Answer to the Complaint of Plaintiffs, respond as follows:

**PARTIES**

1.      Answering Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph "1" of Plaintiffs' Complaint and leaves Plaintiffs to their proofs in this regard.

2.      Answering Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph "2" of Plaintiffs' Complaint and leaves Plaintiffs to their proofs in this regard.

3.      Answering Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph "3" of Plaintiffs' Complaint and leaves Plaintiffs to their proofs in this regard.

4.      Answering Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph "4" of Plaintiffs' Complaint and leaves Plaintiffs to their proofs in this regard.

5.      Answering Defendant admits only that Hilton Central School District is a public school district located within Hilton, New York.  As to the remainder of the allegations contained in Paragraph "5" of Plaintiffs' Complaint, Answering Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained therein, and leaves Plaintiffs to their proofs in this regard.

6.      Answering Defendant admits only that Defendants Kirk Ashton and Dr. Casey Kosiorek were employed by Hilton Central School District.  As to the remainder of the allegations contained in Paragraph "6" of Plaintiffs' Complaint, Answering Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained therein, and leaves Plaintiffs to their proofs in this regard.

7.      Answering Defendant admits only that Defendant Kirk Ashton was employed by Hilton Central School District.  As to the remainder of the allegations contained in Paragraph "7" of Plaintiffs' Complaint, Answering Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained therein, and leaves Plaintiffs to their proofs in this regard.

8.      Answering Defendant admits only that Defendant Casey Kosiorek was employed by Hilton Central School District.  As to the remainder of the allegations contained in Paragraph "8" of Plaintiffs' Complaint, Answering Defendant is without sufficient information or knowledge

to form a belief as to the truth of the allegations contained therein, and leaves Plaintiffs to their proofs in this regard.

9.      Answering Defendant denies the allegations contained in paragraph "9" of Plaintiffs' Complaint, leaving all conclusions of law and fact to the Court.

10.      Answering Defendant denies the allegations contained in paragraph "10" of Plaintiffs' Complaint, leaving all conclusions of law and fact to the Court.

## JURISDICTIONAL STATEMENT

11.      Answering Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph "11" of Plaintiffs' Complaint and leaves Plaintiffs to their proofs in this regard.

12.      Answering Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph "12" of Plaintiffs' Complaint and leaves Plaintiffs to their proofs in this regard.

13.      Answering Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph "13" of Plaintiffs' Complaint and leaves Plaintiffs to their proofs in this regard.

14.      Answering Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph "14" of Plaintiffs' Complaint and leaves Plaintiffs to their proofs in this regard.

15.     Answering Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph "15" of Plaintiffs' Complaint and leaves Plaintiffs to their proofs in this regard.

16.     Answering Defendant denies the allegations contained in paragraph "16" of Plaintiffs' Complaint, leaving all conclusions of law and fact to the Court.

17.     Answering Defendant denies the allegations contained in paragraph "17" of Plaintiffs' Complaint, leaving all conclusions of law and fact to the Court.

## FACTS

18.     Answering Defendant denies the allegations contained in paragraph "18" of Plaintiffs' Complaint, leaving all conclusions of law and fact to the Court.

19.     Answering Defendant denies the allegations contained in paragraph "19" of Plaintiffs' Complaint, leaving all conclusions of law and fact to the Court.

20.     Answering Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph "20" of Plaintiffs' Complaint and leaves Plaintiffs to their proofs in this regard.  To the extent the allegations contained within the aforementioned paragraph of Plaintiffs' Complaint may be read to allege a breach of duty and/or liability on the part of Answering Defendant, said allegations are denied.

21.     Answering Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph "21" of Plaintiffs' Complaint and leaves Plaintiffs to their proofs in this regard.  To the extent the allegations contained within the

aforementioned paragraph of Plaintiffs' Complaint may be read to allege a breach of duty and/or liability on the part of Answering Defendant, said allegations are denied.

22.     Answering Defendant denies the allegations contained in paragraph "22" of Plaintiffs' Complaint, leaving all conclusions of law and fact to the Court.

23.     Answering Defendant denies the allegations contained in paragraph "23" of Plaintiffs' Complaint, leaving all conclusions of law and fact to the Court.

24.     Answering Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph "24" of Plaintiffs' Complaint and leaves Plaintiffs to their proofs in this regard.  To the extent the allegations contained within the aforementioned paragraph of Plaintiffs' Complaint may be read to allege a breach of duty and/or liability on the part of Answering Defendant, said allegations are denied.

**A.     2nd GRADE**

25.     Answering Defendant denies the allegations contained in paragraph "25" of Plaintiffs' Complaint, leaving all conclusions of law and fact to the Court.

26.     Answering Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph "26" of Plaintiffs' Complaint and leaves Plaintiffs to their proofs in this regard.  To the extent the allegations contained within the aforementioned paragraph of Plaintiffs' Complaint may be read to allege a breach of duty and/or liability on the part of Answering Defendant, said allegations are denied.

27.     Answering Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph "27" of Plaintiffs' Complaint and

leaves Plaintiffs to their proofs in this regard.  To the extent the allegations contained within the aforementioned paragraph of Plaintiffs' Complaint may be read to allege a breach of duty and/or liability on the part of Answering Defendant, said allegations are denied.

28.     Answering Defendant denies the allegations contained in paragraph "28" of Plaintiffs' Complaint, leaving all conclusions of law and fact to the Court.

**B.     3rd GRADE**

29.     Answering Defendant denies the allegations contained in paragraph "29" of Plaintiffs' Complaint, leaving all conclusions of law and fact to the Court.

30.     Answering Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph "31" of Plaintiffs' Complaint and leaves Plaintiffs to their proofs in this regard.  To the extent the allegations contained within the aforementioned paragraph of Plaintiffs' Complaint may be read to allege a breach of duty and/or liability on the part of Answering Defendant, said allegations are denied.

31.     Answering Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph "31" of Plaintiffs' Complaint and leaves Plaintiffs to their proofs in this regard.  To the extent the allegations contained within the aforementioned paragraph of Plaintiffs' Complaint may be read to allege a breach of duty and/or liability on the part of Answering Defendant, said allegations are denied.

32.     Answering Defendant denies the allegations contained in paragraph "32" of Plaintiffs' Complaint, leaving all conclusions of law and fact to the Court.

**C.     4th GRADE**

33.     Answering Defendant denies the allegations contained in paragraph "33" of Plaintiffs' Complaint, leaving all conclusions of law and fact to the Court.

34.     Answering Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph "34" of Plaintiffs' Complaint and leaves Plaintiffs to their proofs in this regard.  To the extent the allegations contained within the aforementioned paragraph of Plaintiffs' Complaint may be read to allege a breach of duty and/or liability on the part of Answering Defendant, said allegations are denied.

35.     Answering Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph "35" of Plaintiffs' Complaint and leaves Plaintiffs to their proofs in this regard.  To the extent the allegations contained within the aforementioned paragraph of Plaintiffs' Complaint may be read to allege a breach of duty and/or liability on the part of Answering Defendant, said allegations are denied.

36.     Answering Defendant denies the allegations contained in paragraph "36" of Plaintiffs' Complaint, leaving all conclusions of law and fact to the Court.

**D.      5th GRADE**

37.     Answering Defendant denies the allegations contained in paragraph "37" of Plaintiffs' Complaint, leaving all conclusions of law and fact to the Court.

38.     Answering Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph "38" of Plaintiffs' Complaint and leaves Plaintiffs to their proofs in this regard.  To the extent the allegations contained within the

aforementioned paragraph of Plaintiffs' Complaint may be read to allege a breach of duty and/or liability on the part of Answering Defendant, said allegations are denied.

39.     Answering Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph "39" of Plaintiffs' Complaint and leaves Plaintiffs to their proofs in this regard.  To the extent the allegations contained within the aforementioned paragraph of Plaintiffs' Complaint may be read to allege a breach of duty and/or liability on the part of Answering Defendant, said allegations are denied.

40.     Answering Defendant denies the allegations contained in paragraph "40" of Plaintiffs' Complaint, leaving all conclusions of law and fact to the Court.

41.     Answering Defendant denies the allegations contained in paragraph "41" of Plaintiffs' Complaint, leaving all conclusions of law and fact to the Court.

42.     Answering Defendant admits only that Defendant Kirk Ashton was put on administrative leave.  As to the remainder of the allegations contained in Paragraph "42" of Plaintiffs' Complaint, Answering Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained therein, and leaves Plaintiffs to their proofs in this regard.

43.     Answering Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph "43" of Plaintiffs' Complaint and leaves Plaintiffs to their proofs in this regard.  To the extent the allegations contained within the aforementioned paragraph of Plaintiffs' Complaint may be read to allege a breach of duty and/or liability on the part of Answering Defendant, said allegations are denied.

44.     Answering Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph "44" of Plaintiffs' Complaint and leaves Plaintiffs to their proofs in this regard.  To the extent the allegations contained within the aforementioned paragraph of Plaintiffs' Complaint may be read to allege a breach of duty and/or liability on the part of Answering Defendant, said allegations are denied.

45.     Answering Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph "45" of Plaintiffs' Complaint and leaves Plaintiffs to their proofs in this regard.  To the extent the allegations contained within the aforementioned paragraph of Plaintiffs' Complaint may be read to allege a breach of duty and/or liability on the part of Answering Defendant, said allegations are denied.

46.     Answering Defendant denies the allegations contained in paragraph "46" of Plaintiffs' Complaint, leaving all conclusions of law and fact to the Court.

## AND AS FOR A FIRST CAUSE OF ACTION AGAINST ALL DEFENDANTS FOR NEGLIGENCE

47.     In response to paragraph "47" of Plaintiffs' Complaint, Answering Defendant repeat and incorporate by reference all prior responses to the allegations of Plaintiffs' Complaint as if more fully set forth at length herein.

48.     Answering Defendant denies the allegations contained in paragraph "48" of Plaintiffs' Complaint, leaving all conclusions of law and fact to the Court.

49.     Answering Defendant denies the allegations contained in paragraph "49" of Plaintiffs' Complaint, leaving all conclusions of law and fact to the Court.

50.     Answering Defendant denies the allegations contained in paragraph "50" of Plaintiffs' Complaint, leaving all conclusions of law and fact to the Court.

51.     Answering Defendant denies the allegations contained in paragraph "51" of Plaintiffs' Complaint, leaving all conclusions of law and fact to the Court.

52.     Answering Defendant denies the allegations contained in paragraph "52" of Plaintiffs' Complaint, leaving all conclusions of law and fact to the Court.

**WHEREFORE**, Answering Defendant demands judgment in its favor, together with the dismissal of the Plaintiffs' Complaint with prejudice, plus other and further relief as the Court deems appropriate.

## AND AS FOR A SECOND CAUSE OF ACTION AGAINST DEFENDANT ASHTON FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

53.     In response to paragraph "53" of Plaintiffs' Complaint, Answering Defendant repeats and incorporates by reference all prior responses to the allegations of Plaintiffs' Complaint as if more fully set forth at length herein.

54.     Answering Defendant makes no response to the allegations contained Paragraph "54" of Plaintiffs' Complaint, as the allegations are against parties other than Answering Defendant, except that to the extent any negative inferences can be drawn therefrom, Answering Defendant denies the allegations contained therein.

55.     Answering Defendant makes no response to the allegations contained Paragraph "55" of Plaintiffs' Complaint, as the allegations are against parties other than Answering

Defendant, except that to the extent any negative inferences can be drawn therefrom, Answering Defendant denies the allegations contained therein.

56.     Answering Defendant makes no response to the allegations contained Paragraph "56" of Plaintiffs' Complaint, as the allegations are against parties other than Answering Defendant, except that to the extent any negative inferences can be drawn therefrom, Answering Defendant denies the allegations contained therein.

57.     Answering Defendant makes no response to the allegations contained Paragraph "57" of Plaintiffs' Complaint, as the allegations are against parties other than Answering Defendant, except that to the extent any negative inferences can be drawn therefrom, Answering Defendant denies the allegations contained therein.

**WHEREFORE**, Answering Defendant demands judgment in its favor, together with the dismissal of the Plaintiffs' Complaint with prejudice, plus other and further relief as the Court deems appropriate.

<u>**AND AS FOR THIRD CAUSE OF ACTION AGAINST DEFENDANT ASHTON FOR ASSAULT**</u>

58.     In response to paragraph "58" of Plaintiffs' Complaint, Answering Defendant repeat and incorporate by reference all prior responses to the allegations of Plaintiffs' Complaint as if more fully set forth at length herein.

59.     Answering Defendant makes no response to the allegations contained Paragraph "59" of Plaintiffs' Complaint, as the allegations are against parties other than Answering Defendant, except that to the extent any negative inferences can be drawn therefrom, Answering Defendant denies the allegations contained therein.

60.     Answering Defendant makes no response to the allegations contained Paragraph "60" of Plaintiffs' Complaint, as the allegations are against parties other than Answering Defendant, except that to the extent any negative inferences can be drawn therefrom, Answering Defendant denies the allegations contained therein.

61.     Answering Defendant makes no response to the allegations contained Paragraph "61" of Plaintiffs' Complaint, as the allegations are against parties other than Answering Defendant, except that to the extent any negative inferences can be drawn therefrom, Answering Defendant denies the allegations contained therein.

62.     Answering Defendant makes no response to the allegations contained Paragraph "62" of Plaintiffs' Complaint, as the allegations are against parties other than Answering Defendant, except that to the extent any negative inferences can be drawn therefrom, Answering Defendant denies the allegations contained therein.

63.     Answering Defendant makes no response to the allegations contained Paragraph "63" of Plaintiffs' Complaint, as the allegations are against parties other than Answering Defendant, except that to the extent any negative inferences can be drawn therefrom, Answering Defendant denies the allegations contained therein.

64.     Answering Defendant makes no response to the allegations contained Paragraph "64" of Plaintiffs' Complaint, as the allegations are against parties other than Answering

Defendant, except that to the extent any negative inferences can be drawn therefrom, Answering Defendant denies the allegations contained therein.

**WHEREFORE**, Answering Defendant demands judgment in its favor, together with the dismissal of the Plaintiffs' Complaint with prejudice, plus other and further relief as the Court deems appropriate.

**AND AS FOR THE FOURTH CAUSE OF ACTION**
**AGAINST DEFENDANT ASHTON**
**FOR BATTERY**

65.     In response to paragraph "65" of Plaintiffs' Complaint, Answering Defendant repeat and incorporate by reference all prior responses to the allegations of Plaintiffs' Complaint as if more fully set forth at length herein.

66.     Answering Defendant makes no response to the allegations contained Paragraph "66" of Plaintiffs' Complaint, as the allegations are against parties other than Answering Defendant, except that to the extent any negative inferences can be drawn therefrom, Answering Defendant denies the allegations contained therein.

67.     Answering Defendant makes no response to the allegations contained Paragraph "67" of Plaintiffs' Complaint, as the allegations are against parties other than Answering Defendant, except that to the extent any negative inferences can be drawn therefrom, Answering Defendant denies the allegations contained therein.

68.     Answering Defendant makes no response to the allegations contained Paragraph "68" of Plaintiffs' Complaint, as the allegations are against parties other than Answering

Defendant, except that to the extent any negative inferences can be drawn therefrom, Answering Defendant denies the allegations contained therein.

69.     Answering Defendant makes no response to the allegations contained Paragraph "69" of Plaintiffs' Complaint, as the allegations are against parties other than Answering Defendant, except that to the extent any negative inferences can be drawn therefrom, Answering Defendant denies the allegations contained therein.

70.     Answering Defendant makes no response to the allegations contained Paragraph "70" of Plaintiffs' Complaint, as the allegations are against parties other than Answering Defendant, except that to the extent any negative inferences can be drawn therefrom, Answering Defendant denies the allegations contained therein.

**WHEREFORE**, Answering Defendant demands judgment in its favor, together with the dismissal of the Plaintiffs' Complaint with prejudice, plus other and further relief as the Court deems appropriate.

## AND AS FOR THE FIFTH CAUSE OF ACTION
## AGAINST ALL DEENDANTS FOR
## NEGLIGENT FAILURE OF TRAINING, SUPERVISION HIRING
## AND RETENTION

71.     In response to paragraph "71" of Plaintiffs' Complaint, Answering Defendant repeat and incorporate by reference all prior responses to the allegations of Plaintiffs' Complaint as if more fully set forth at length herein.

72.     Answering Defendant denies the allegations contained in paragraph "72" of Plaintiffs' Complaint, leaving all conclusions of law and fact to the Court.

73.     Answering Defendant denies the allegations contained in paragraph "73" of Plaintiffs' Complaint, leaving all conclusions of law and fact to the Court.

74.     Answering Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph "74" of Plaintiffs' Complaint and leaves Plaintiffs to their proofs in this regard.

75.     Answering Defendant denies the allegations contained in paragraph "75" of Plaintiffs' Complaint, leaving all conclusions of law and fact to the Court.

76.     Answering Defendant denies the allegations contained in paragraph "76" of Plaintiffs' Complaint, leaving all conclusions of law and fact to the Court.

77.     Answering Defendant denies the allegations contained in paragraph "77" of Plaintiffs' Complaint, leaving all conclusions of law and fact to the Court.

78.     Answering Defendant denies the allegations contained in paragraph "78" of Plaintiffs' Complaint, leaving all conclusions of law and fact to the Court.

79.     Answering Defendant denies the allegations contained in paragraph "79" of Plaintiffs' Complaint, leaving all conclusions of law and fact to the Court.

80.     Answering Defendant denies the allegations contained in paragraph "80" of Plaintiffs' Complaint, leaving all conclusions of law and fact to the Court.

81.     Answering Defendant denies the allegations contained in paragraph "81" of Plaintiffs' Complaint, leaving all conclusions of law and fact to the Court.

82.     Answering Defendant denies the allegations contained in paragraph "82" of Plaintiffs' Complaint, leaving all conclusions of law and fact to the Court.

83.     Answering Defendant denies the allegations contained in paragraph "83" of Plaintiffs' Complaint, leaving all conclusions of law and fact to the Court.

**WHEREFORE**, Answering Defendant demands judgment in its favor, together with the dismissal of the Plaintiffs' Complaint with prejudice, plus other and further relief as the Court deems appropriate.

<u>**AS AND FOR THE SIXTH CAUSE OF ACTION**</u>
<u>**AGAINST ALL DEFENDANTS FOR**</u>
<u>**42 U.S.C §1983 VIOLATIONS OF CIVIL RIGHTS**</u>

84.     In response to paragraph "84" of Plaintiffs' Complaint, Answering Defendant repeat and incorporate by reference all prior responses to the allegations of Plaintiffs' Complaint as if more fully set forth at length herein.

85.     Answering Defendant makes no response to the allegations contained Paragraph "85" of Plaintiffs' Complaint, as the allegations contain legal conclusions for which no response is required, except that to the extent any negative inferences can be drawn therefrom, Answering Defendant denies the allegations contained therein.

86.     Answering Defendant makes no response to the allegations contained Paragraph "86" of Plaintiffs' Complaint, as the allegations contain legal conclusions for which no response is required, except that to the extent any negative inferences can be drawn therefrom, Answering Defendant denies the allegations contained therein.

87.     Answering Defendant makes no response to the allegations contained Paragraph "87" of Plaintiffs' Complaint, as the allegations are directed at parties other than Answering Defendant, except that to the extent any negative inferences can be drawn therefrom, Answering Defendant denies the allegations contained therein.

88.     Answering Defendant denies the allegations contained in paragraph "88" of Plaintiffs' Complaint, leaving all conclusions of law and fact to the Court.

89.     Answering Defendant denies the allegations contained in paragraph "89" of Plaintiffs' Complaint, leaving all conclusions of law and fact to the Court.

90.     Answering Defendant denies the allegations contained in paragraph "90" of Plaintiffs' Complaint, leaving all conclusions of law and fact to the Court.

91.     Answering Defendant denies the allegations contained in paragraph "91" of Plaintiffs' Complaint, leaving all conclusions of law and fact to the Court.

92.     Answering Defendant denies the allegations contained in paragraph "92" of Plaintiffs' Complaint, leaving all conclusions of law and fact to the Court.

93.     Answering Defendant denies the allegations contained in paragraph "93" of Plaintiffs' Complaint, leaving all conclusions of law and fact to the Court.

**WHEREFORE**, Answering Defendant demands judgment in its favor, together with the dismissal of the Plaintiffs' Complaint with prejudice, plus other and further relief as the Court deems appropriate.

**<u>AFFIRMATIVE DEFENSES</u>**

**<u>AS AND FOR A FIRST AFFIRMATIVE DEFENSE</u>**

In the event a verdict or decision is rendered in favor of Plaintiffs against Answering Defendant, Answering Defendant is entitled to limitations on liability as set forth in Article 16 of the CPLR.

**<u>AS AND FOR A SECOND AFFIRMATIVE DEFENSE</u>**

Pursuant to Section 4545 and other applicable sections of the CPLR, Answering Defendant is entitled to a set-off against the amount of any verdict of any monies collected from a collateral source of payment.

**<u>AS AND FOR A THIRD AFFIRMATIVE DEFENSE</u>**

This affirmative defense is being asserted by counsel in order to preserve it.  Presently, counsel is in possession of no such evidence. Depending upon the evidence obtained during the course of discovery and introduced at the time of trial, it may be claimed that Plaintiffs failed to mitigate their damages and therefore any damages, which might otherwise be recoverable, must be eliminated or reduced in relationship to the failure to mitigate damages.

**<u>AS AND FOR A FOURTH AFFIRMATIVE DEFENSE</u>**

Plaintiffs' Complaint fails to state a cause of action against Answering Defendant.

**<u>AS AND FOR A FIFTH AFFIRMATIVE DEFENSE</u>**

There was no duty or opportunity for Answering Defendant to respond to the conditions alleged by Plaintiffs to have caused Plaintiffs' alleged damages as set forth in the Complaint.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

Upon information and belief, the hazards alleged to have caused Plaintiffs' damages, if present, and its alleged damages, were not foreseeable to Answering Defendant and occurred without knowledge or notice to Answering Defendant.  Accordingly, Answering Defendant could not have avoided or remedied the alleged hazards, did not breach any duties owed to Plaintiffs, and did not proximately cause the Plaintiffs' alleged damages.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

Although Answering Defendant denies the allegations of the Plaintiffs as to any hazardous condition, injuries, and damages alleged in Plaintiffs' Complaint, the alleged hazardous condition, injuries and damages, if any, were caused by intervening acts and or superseding negligence of persons or parties over whom Answering Defendant had no control.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

In the event of any prior or subsequent settlement entered into between Plaintiff and another person or entity liable, or claimed to be liable in tort for the same injury complained of, Answering Defendant assert all relevant provisions of General Obligations Law 15-108.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

.       Plaintiffs failed to join a necessary party to the action.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

The Complaint must be dismissed for failure to comply with General Municipal Law § 50-h.

**AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE**

Answering Defendant is a public entity and/or agents of a public entity within the contemplation of sovereign immunity and/or complete and/or qualified immunity, and entitled to all provisions, immunities, exemptions and limitations of same, and are not liable to Plaintiffs, or if liable, only as limited by same.

**AS FOR A TWELVTH AFFIRMATIVE DEFENSE**

Answering Defendant at all times alleged in the Complaint acted in good faith.

**AS FOR A THIRTEENTH AFFIRMATIVE DEFENSE**

Answering Defendant is not guilty of any negligence proximately related to the claims asserted herein.

**AS FOR A FOURTEENTH AFFIRMATIVE DEFENSE**

The Complaint should be dismissed on the grounds that the Plaintiffs' causes of action are barred by the applicable Statute of Limitations.

**AS FOR A FIFTEENTH AFFIRMATIVE DEFENSE**

The Complaint herein, and each cause of action thereof, fails to set forth facts sufficiently detailed as to "give the court and parties notice of the transactions, occurrences, or series of transactions or occurrences, intended to be proved and the material elements of each cause of action or defense." See CPLR 3013.

**AS FOR A SIXTEENTH AFFIRMATIVE DEFENSE**

Whatever injuries Plaintiffs may have sustained at the time and place alleged in the Complaint were caused in whole or in part by someone over whom the Answering Defendant had

no control, and without any negligence or fault or want of care on the part of the Answering Defendant.

## AS FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims against the Answering Defendant, and any judgment that the Plaintiffs receive against the Answering Defendant, must be reduced to the extent of any amount received by the Plaintiffs from other tortfeasors pursuant to General Obligations Law Section 15-108, and in the event that the Plaintiffs settle with any codefendant or other tortfeasor, or discontinues against any codefendant, the Answering Defendants reserve their rights under General Obligations Law Section 15-108 to prove any negligence against said codefendants and/or tortfeasors at trial.

## AS FOR AN EIGHTEENTH AFFIRMATIVE DEFENSE

Each Answering Defendant plead that if liable at all in this matter, that liability is fifty percent (50%) or less and by reason thereof each such Answering Defendant' liability to the Plaintiffs for non-economic loss shall not exceed each respective Defendants' equitable share determined in accordance with the relative culpability of each person or entity causing or contributing to the total liability for non-economic loss.

## AS FOR A NINETEENTH AFFIRMATIVE DEFENSE

That the action was not commenced within one year and ninety days after the cause of action arose and is therefore barred by the Statute of Limitations contained in the General Municipal Law Section 50-i.

## AS FOR A TWENTIETH AFFIRMATIVE DEFENSE

Punitive damages are unavailable against public corporations, including public school districts or their constituent schools, as well as agents of public school corporations, and/or are otherwise not sustainable in this action.

## AS FOR A TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiffs failed to allege facts sufficient to allow the recovery of the damages alleged in the Complaint, including but not limited to the recovery of attorneys' fees or punitive damages.

## AS FOR A TWENTY-SECOND AFFIRMATIVE DEFENSE

Answering Defendant lacked actual or constructive knowledge of any allegedly dangerous conditions or circumstances.

## AS FOR A TWENTY-THIRD AFFIRMATIVE DEFENSE

That the alleged assaults were  outside  the  control  of the Answering Defendant.

## AS FOR A TWENTY-FOURTH AFFIRMATIVE DEFENSE

Answering Defendant lacked notice or knowledge of the alleged actions of the employee alleged to have assaulted the Plaintiff.

## AS FOR A TWENTY-FIFTH AFFIRMATIVE DEFENSE

All of the Plaintiffs' claims are barred by the doctrine of laches.

## AS FOR A TWENTY-SIXTH AFFIRMATIVE DEFENSE

Answering Defendant will rely upon further defenses which become available or appear during discovery proceedings in this action and hereby specifically reserve the right to amend their

{F2339812-1}

answer for the purposes of asserting any such additional defenses.

**WHEREFORE**, Answering Defendant demands judgment dismissing Plaintiffs' Complaint together with the costs and disbursements of this action, or, in the alternative, that any recovery against Defendants be reduced according to other responsible party's degree of culpability and according to any set-off due to Defendants together with the costs and disbursements of this action, and such other and further relief as to the court may seem just and proper.

## AS AND FOR A FIRST CROSS-CLAIM OVER AND AGAINST DEFENDANT KIRK ASHTON

1.   In the event that Defendant Hilton Central School District is held liable for all or any part of the damages alleged to have been sustained by Plaintiffs, as set forth in the Complaint, or any cross-claims, which liability is expressly denied, such liability will have been brought about and caused solely as a result of the fault, negligence, acts or omissions, want of care on the part of Defendant Kirk Ashton without any fault, negligence or want of care on the part of herein contributing thereto, and as such, is liable to Defendant Hilton Central School District for contribution for the Plaintiffs' proportionate share of any judgment or recovery that Plaintiffs may obtain.

## AS AND FOR A SECOND CROSS-CLAIM OVER AND AGAINST DEFENDANT KIRK ASHTON

2.   In the event that Defendant Hilton Central School District are held liable for all or any part of the damages alleged to have been sustained by Plaintiffs, as set forth in the Complaint, or any cross-claims, which liability is expressly denied, such liability will have been brought about and

caused solely as a result of the fault, negligence, acts or omissions, want of care on the part of

Defendant Kirk Ashton without any fault, negligence or want of care on the part of Defendant

Hilton Central School District contributing thereto, Defendant Kirk Ashton will be obligated to

indemnify Defendants= Hilton Central School District for common-law indemnification herein

against such loss or damages as it may suffer, including without limitation any judgment entered

against Defendant Hilton Central School District and all costs, disbursements, expenses and

attorneys fees incurred in the defense of this action, as provided by applicable law.

**PLEASE TAKE NOTICE** that demand is hereby made, pursuant to CPLR Section 3011,

that Co-Defendant serves an answer to the Cross-Claims asserted herein within 20 days or

judgment will be taken against said Defendant by default for the relief demanded herein.

Dated:  New York, New York
        December 6, 2021

                      **McGIVNEY. KLUGER, CLARK &**
                      **INTOCCIA P.C.**
                      *Attorneys for Defendants, Hilton Central School*
                      *District and Dr. Casey Kosiorek*
                      80 Broad Street, 23rd Floor
                      New York, New York 10004
                      (212) 509-3456
                      File No.:4184G-0056

            By:     *Danit L. Sibovits*
                      DANIT L. SIBOVITS, ESQ.

TO:    **JEFFREY WICKS, PLLC**
        Jeffrey Wicks, Esq.
        36 West Main Street
        Suite 318, Executive Building
        Rochester, New York 14614
        *Attorneys for Plaintiff*
        Albany,  NY 12203

*Attorneys for Plaintiff*

**HURWITZ & FINE, P.C.**
Jodi E. Briandi, Esq.
Anastasia M. McCarthy, Esq.
1300 Liberty Building
Buffalo, NY 14202
(716) 849-8900
*Attorney for Co-Defendant Kosiorek*
**Via ECF**


**Kirk Ashton**
*Defendant*
**Via Email** - KleonardAshton70@gmail.com
**Via Certified Mail –** P.O. Box 22881
　　　　　　　　Rochester, NY 14692

## **VERIFICATION**

DANIT L. SIBOVITS, an attorney duly admitted to practice before the Courts of the State of New York, hereby affirms the truth to the following, upon information and belief, under the penalties of perjury:

I am associated with the Law Firm of McGivney, Kluger, Clark & Intoccia, P.C., the attorneys for Defendant Hilton Central School District. I have read the foregoing Verified Answer to Plaintiffs' Complaint and know the contents thereof; that the same is true to my own knowledge, except as to the matters stated to be alleged upon information and belief, and that as to those matters, I believe it to be true.

The grounds of my belief as to all matters not stated upon my own knowledge are the information in the file of my firm, the files, books and records maintained by Defendants in connection with Plaintiffs' claim.

The reason this verification is made by me and not by the Defendant is that the Defendant are not presently in the county where I, the attorney for the Defendant, maintain my office.

By:   *Danit L. Sibovits*

DANIT L. SIBOVITS, ESQ

Dated: December 6, 2021

## AFFIRMATION OF SERVICE

DANIT L. SIBOVITS, an attorney admitted to practice before the courts of the State of New York hereby affirms the truth of the following under the penalties of perjury:

I am asoociated with the Law Firm of McGivney, Kluger, Clark & Intoccia, P.C., attorneys of record for Hilton Central School District in the within action.

That on December 6, 2021, I served a true and accurate copy of the annexed Verified Answer to Plaintiffs' Complaint upon all counsel of record for the parties via ECF, and email and certified mail as to Defendant Ashton.

By:   *Danit L. Sibovits*

DANIT L. SIBOVITS, ESQ