UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| P1, as Parent and Natural Guardian of S1, an Infant,<br><br>Plaintiffs<br>-v.-<br><br>HILTON CENTRAL SCHOOL DISTRICT, KIRK ASHTON, as Principal of Northwood Elementary School, and DR. CASEY KOSIOREK, as Superintendent, of HILTON CENTRAL SCHOOL DISTRICT, in their individual and official capacities,<br><br>Defendants. | **Civil Action No.: 6:21-cv-06440** |

The Court, having considered the Parties' Joint Motion to Seal the financial terms of the settlement agreement, settlement amount, individual distribution amounts, litigation expenses and attorneys' fees contained in the motion to settle the infant plaintiff, S1's claims, and good cause having been shown to permit the redaction of the financial terms of the proposed settlement and to grant the Joint Motion, upon consideration of the following factors: (1) the Parties' having jointly intended that the financial terms of the proposed settlement be kept confidential and the Parties' respective interests weighing in favor of permitting redaction of the financial terms; (2) confidentiality having played a material role in the Parties' decision to settle in order to protect the Parties' respective privacy interests and the dignity of the infant plaintiff, S1 and his parents; (3) Plaintiff having an interest in maintaining confidentiality because public disclosure of settlement amounts would make their financial resources public information and potentially subject them to requests for money and nuisance offers, scams, and solicitations; (4) Plaintiff, S1, being a minor and a victim of sexual abuse and protected parties under Civil Rights Law 50 (b), any possibility that additional attention could be thrusted on them by publicizing the settlement terms should be

{F2821431-1}

prevented at all costs because disclosure of the infant plaintiff's identities is likely to be detrimental to their well-being and recovery; (5) the infant plaintiff having already endured significant emotional trauma, any additional publicity or scrutiny could exacerbate his suffering and hinder his healing process; and (6) the resulting harm to the Parties' from the disclosure of the settlement amount and potentially the disclosure of the infant plaintiff's identity, far outweighing any interest the public may have; and

**THERE HAVING BEEN NO OPPOSITION TO THIS MOTION** and upon balancing all of these factors, the Court finds that good cause exists to grant the Parties' Motion; and

**IT IS SO ORDERED**, that the Motion is granted in its entirety and the plaintiff is directed to file the motion for Court approval of the settlement of the infant plaintiff, S1's claims and supporting papers on ECF, when they are ready to be filed, with the financial terms of the settlement agreement, settlement amount, individual distribution amounts, litigation expenses and attorneys' fees redacted from said papers and shall submit an unredacted version of said papers to the Court for its *in camera* review and consideration, as an attachment (in PDF format) to an email to   wolford@nywd.uscourts.gov   and shall serve copies of such on all counsel. Moreover, in view of the above, any court order approving the settlement which is uploaded to ECF shall be issued with the financial terms thereof redacted, and a separate unredacted order shall be delivered to counsel for all parties so that they may effectuate the terms of the settlement.

Dated:   May 23, 2024

Hon. _____

{F2821431-1}